NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANNE-MARIE ELIZABETH MEEGAN, *Appellant.*

No. 1 CA-CR 17-0575
FILED 3-21-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-001328-001
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following a disposition hearing for probation violation by Anne-Marie Elizabeth Meegan ("Meegan") related to her conviction for attempted stalking.  Meegan's counsel searched the record on appeal and found no arguable question of law that is not frivolous.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Meegan was given the opportunity to file a supplemental brief in *propria persona*, and she did so.  Counsel now asks us to search the record for fundamental error.  After reviewing the entire record, we affirm Meegan's convictions and sentences.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        Between June 2015 and January 2016, Meegan inappropriately and repeatedly contacted B.C. at his office, and Meegan was charged with one count of stalking and three counts of aggravated harassment.  In exchange for the dismissal of the aggravated harassment counts, Meegan pled guilty to one count of attempted stalking, a Class 5 felony.  At sentencing, the superior court suspended the imposition of sentence and placed Meegan on supervised probation for five years.[2]  As a condition of probation, Meegan was required "not [to] have contact with the victim(s) in any form, unless approved in writing by the [Adult Probation Department]."  This condition "include[d] indirect contact which extend[ed] to family members and employees of the victim as well as

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶¶ 2-3, n.2 (App. 2015) (citation omitted).

[2]        For the stalking offense, statute provides for lifetime probation.  *See* Ariz. Rev. Stat. §§ 13-902, -2923.

phone, email, or any other type of electronic means of communication whether direct or indirect."

¶3        In February 2017, Meegan attempted to contacted B.C. at his office by phone.  The conversation was intercepted by B.C.'s office staff, placed on a speaker phone, and the audio of the conversation was captured on video.  Multiple witnesses testified the caller's voice was that of Meegan, and, according to caller ID, the phone call originated from Meegan's home phone number.  The superior court found Meegan had contacted B.C. in violation of the terms of her probation and sentenced Meegan to a 10-day jail term and placed her on lifetime probation.

¶4        The superior court conducted a *Donald* hearing[3] and ensured Meegan was apprised of the possible sentencing range that she faced at trial and the impact of a plea agreement upon her constitutional rights.  Further, Meegan admitted her "attempt to engage in a course of conduct directed toward [B.C.] which would reasonably cause a person to fear for [his] safety" and that she did so via phone calls and letters.  Thus, the superior court found that Meegan knowingly, intelligently, and voluntarily consented to the plea agreement and accepted the plea.

¶5        Meegan timely appealed the finding of the probation violation and disposition hearing. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶6        The record reflects no fundamental error in the proceedings. Meegan was represented by counsel at all critical stages in both the original conviction and probation violation proceedings.  Meegan underwent multiple independent competency evaluations and was provided court-ordered mental health treatment to ensure she was competent to aid in her defense.

¶7        At the disposition hearing, Meegan admitted that her conditions of release prohibited her from having contact with B.C., his family, or his staff, but she also denied contacting B.C.  Over Meegan's objection, the court admitted in evidence the video that proved Meegan's contact with B.C.

---

[3]        *State v. Donald*, 198 Ariz. 406 (App. 2000).

¶8  At sentencing, the superior court received presentence reports, accounted for aggravating and mitigating factors, and provided Meegan an opportunity to speak.  Considering all the evidence, the superior court found Meegan had contacted B.C. in violation of her probation and, consistent with the terms of her plea agreement, placed Meegan on lifetime probation and ordered her to serve 10 days in jail as a term of probation.

## CONCLUSION

¶9  We have reviewed the entire record for reversible error and find none; therefore, we affirm the convictions and sentences.

¶10  After the filing of this decision, defense counsel's obligation pertaining to Meegan's representation in this appeal will end.  Defense counsel need do no more than inform her of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the Court's own motion, Meegan has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration.  Further, she has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA